[Civ. No. 7332.    Fourth Dist.    July 17, 1964.]

JOE B. HOLLOMAN et al., Plaintiffs and Appellants, v. FRANK RICHMOND et al., Defendants and Respondents; ROY W. ALLEN et al., Defendants and Appellants.

Arthur V. Jones and Harry L. Blodgett for Plaintiffs and Appellants and Defendants and Appellants.

Higbie & Higbie, Richard Higbie, Walter W. Charamza, City Attorney (Newport Beach), and Tully H. Seymour, Assistant City Attorney, for Defendants and Respondents.

McCABE, J., pro tem.*—Plaintiffs Holloman brought this action to quiet title to a pier and float, for injunctive relief and declaratory relief against defendants Allen, Richmond and City of Newport Beach (hereinafter called defendant City). From a judgment declaring that defendants Richmond, Allen and plaintiffs each owned an undivided one-third interest in a pier and float and defendants Richmond might continue the joint use of the pier and float and denying the right of plaintiffs and defendants Allen to terminate the rights of defendants Richmond in the pier and float, plaintiffs and defendants Allen appeal.

Historically Lots 18, 19 and 20, Tract 5, Balboa Island had been owned by one, Lachenmeyer. Prior to his ownership of these parcels of land, under a 1940-1941 permit from defendant City, there had been built a pier and float the ownership and use of which is now in question. The pier and float were constructed on either side of the bayward prolongation of the common lot line of Lots 19 and 20. The pier and float are upon submerged lands owned by the defendant City. Separating Lots 18, 19 and 20 from the bay, pier and float is a public walk.

In 1950 Lachenmeyer deeded Lot 18 to defendants Richmond. In addition to the deed, he gave defendants Richmond a paper entitled "Bill of Sale" which in part reads: "... all that personal property described as: an undivided one-third interest in and to that certain pier and float situated on the extension of the property line separating Lots 19 and 20, block 5, Balboa Island. ..."

Plaintiffs, in August 1960, through mesne conveyances, became the owners of Lot 19 and a one-third interest in the pier and float. Defendants Allen became the owners of Lot 20 and a one-third interest in the pier and float in 1956. Defendants Allen received their conveyances directly from Lachenmeyer, the same person who conveyed Lot 18 to defendants Richmond.

From the time they became owners defendants Richmond paid the electricity bill for the lights on the pier and float, paid taxes on Lot 18 and on the one-third interest in the pier and float, repaired the pier and float. Defendants Allen and

---

*Assigned by Chairman of Judicial Council.

the predecessors in interest of plaintiffs paid for the paint and other materials which went into the repair and maintenance work which was done by defendants Richmond. Apparently the defendants Richmond received no reimbursement for the payments for the electricity. The water at the pier is supplied through defendants Allen's property.

This action was filed January 23, 1961. Prior to the commencement of this action an application for a transfer of a permit was filed with defendant City by plaintiffs and defendants Allen. Subsequent to January 23, 1961, a permit for the pier and float was issued to plaintiffs and defendants Allen in which they are described as owning "an undivided one-half interest each" in the pier and float.

In their complaint plaintiffs allege they are the owners of, and entitled to possession and use of the pier and float. Also, at the time application was made by plaintiffs to have the permit transferred, plaintiffs represented to the defendant City that they owned some part of the pier. On the day plaintiffs signed the escrow instructions to purchase the property, defendant Frank Richmond informed them he owned a one-third interest in the pier. As a witness, plaintiff Joe Holloman testified he owned a part of the pier and float. Defendants Allen, by answer, claimed ownership of an undivided one-half interest in, and a right to use the pier and float. Despite the course of conduct and the evidence, plaintiffs and defendants Allen now claim no ownership of the pier and float. Their present contention is that by reason of the issuance in 1961 of a permit to them, their right is only a right of use of, and an obligation to maintain the pier and float, and that the defendant City owns the pier and float.

Section 8117 of the Municipal Code of defendant City reads in part as follows:

"Construction Work in Pacific Ocean

"No person shall drive, attempt to drive, sink or attempt to sink in the bed or bottom of the Pacific Ocean or Newport Bay, or erect, or attempt to erect, or maintain when erected any structure in, or over the waters thereof within the corporate limits . . . without first procuring a permit to do so from the City Council."

Section 8118, Municipal Code of defendant City provides in part: "Every person desiring to drive piles into the bed . . . of Newport Bay or to erect any structure in, or over the waters thereof . . . may file an application to do so with the

City Clerk. . . . The application . . . shall contain an agreement that when the use of any such piles or structure . . . has ceased, the applicant will, upon demand of the city, remove them.''

Section 10149(a) of the defendant City's Municipal Code regarding piers and floats may be likened to a building permit for a home or other structure for it reads in part as follows: ''No person shall build, erect, construct or attempt to build . . . in, into or over the waters of Newport Harbor, without a written permit so to do, issued by the City Council, upon written application therefor to the City.''

The effective dates of these code sections are not reflected in the record before us.

We have not been referred to any section of the Municipal Code which sets forth any procedure for the transfer of permits. However, as a part of the permit dated June 30, 1955, issued to a predecessor of interest to plaintiffs some conditions are set forth. No reference is made to any provisions of the Municipal Code which require the conditions. Among the conditions are: (1) that no permit may be transferred without the written consent of the City; (2) the City shall ''never'' be held liable or obligated for injury or damage resulting to persons through the use, erection or possession of private piers; (3) the permit may be revoked upon 30 days' written notice; and (4) the pier shall not be sold, leased, sublet or transferred without prior written consent of the City.

Defendant City's position in this lawsuit is that although it owns the land upon which the pier and float were constructed under a permit issued by it, it does not claim ownership of the pier and float. In fact, it disavows ownership. Further, defendant City under the provisions of the issued permit may require, upon notice, the removal of the permitted structures. So far as the record is concerned there does not appear to be any requirement of the defendant City that successive owners of a pier and float must receive a use permit, renewable or not, at stated intervals or at all except the provisions of ''(4)'' above. Defendant City denies that it has any jurisdiction to determine ownership of any pier or float. For the issuance of a permit, contiguousness of owner's land to pier and float is not a legal requirement of the defendant City.

In this action the position of plaintiffs and defendants Allen are the same. Each claims that: (1) The pier and float

became real property and therefore title cannot be transferred by a bill of sale; (2) defendant Richmond should have been required to pursue administrative procedure to obtain a transfer of the permit; (3) the trial court erred in deciding that each of the parties owned a one-third interest in the pier and float; and (4) they do not own the pier and float.

Plaintiffs and defendants Allen argue that defendant City owns the pier and float, and it had a right to issue a permit to them to use the pier and float to the exclusion of defendants Richmond. Since defendant City denies ownership of the pier and float, and there is no evidence to prove ownership in it, plaintiffs and defendants Allen's argument must fail. A city government is not the proper forum for the determination of ownership of property within its boundaries.

On this appeal, plaintiffs and defendants Allen insist that defendants Richmond must be required first to pursue administrative procedures with defendant City before they may assert their claim of ownership or of use. It is patently clear from the record that except for the argument and postulation of plaintiffs and defendants Allen, there is no such administrative requirement. It is not for the plaintiffs and defendants Allen to try to force defendants Richmond to do any act which, even if required, can only be required by the defendant City.

There is substantial evidence to support the judgment of the trial court that plaintiffs, defendants Allen and Richmond each owned an undivided one-third interest in the pier and float, and these parties have the right of joint use of the pier and float. There need be no citation to support the oft-repeated statement that when there is substantial evidence to support the findings of fact and judgment of the lower court, this court will not disturb them on appeal.

Judgment affirmed.

Coughlin, Acting P. J., and Brown (Gerald), J., concurred.